PETER J. RANDAZZO and HELEN M. RANDAZZO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randazzo v. Commissioner
Docket No. 4155-76.
United States Tax Court
T.C. Memo 1977-303; 1977 Tax Ct. Memo LEXIS 140; 36 T.C.M. (CCH) 1199; T.C.M. (RIA) 770303; September 7, 1977, Filed Peter J. Randazzo, pro se. Lowell F. Raeder, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $518.30. The two questions presented for decision are whether petitioners may deduct under section 162(a) of the Code [1] $1,890 claimed for automobile expenses in traveling between the home and place of employment of Petitioner Peter J. Randazzo and whether petitioners are entitled to deduct more than the $774.93 *141 allowed by the Commissioner as sales tax on materials used by them in constructing their residence. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by reference. Petitioners are husband and wife and resided in Millville, New Jersey when they filed their petition. Petitioner will hereinafter refer to Peter J. Randazzo. Petitioner is an electrician. Since February 15, 1970, he was employed in the construction of a nuclear power generating plant at Artificial Island, New Jersey, some 4 or 5 miles from Salem, New Jersey. The job site was approximately 32 miles from petitioners' residence. Petitioners resided approximately 5 or 6 blocks from a bus stop on the line that went to Salem, New Jersey. There was no public transportation from Salem to the job site, some 4 or 5 miles distant. During 1973 petitioner drove his 1970 Chevrolet Monte Carlo between his residence and job site. His job required that he carry his own tools which were contained in two tool boxes which he carried in the trunk of his automobile. Petitioner did *142 not investigate the possibility of commuting to work in public transportation. Petitioner would have driven his automobile to work even if he had not been required to transport his tools. On their income tax return for the taxable year 1973 petitioners claimed $1,890 as petitioner's automobile expenses in traveling between his residence and job site. The Commissioner disallowed the deduction on the grounds that the expenses were not ordinary and necessary, that his employment was indefinite in nature and that none of the deduction was allowable in connection with the transportation of tools. On their income tax return petitioners deducted $1,000 as sales tax on building materials used in the construction of their home. The Commissioner disallowed $225.07 of the amount claimed because petitioners failed to verify any amount in excess of $774.93. OPINION Petitioner contends that he should be allowed to deduct the cost of commuting to work because it was necessary to transport his tools. The briefs filed by the parties are of little value to the Court because both parties filed "form briefs," virtually identical to those that the parties filed in Grayson v. Commissioner, *143 docket No. 3736-76 and respondent's brief is not only virtually identical to the brief he filed in Grayson but also virtually identical to the brief he filed in . The issue is factual and it goes without saying that "form briefs" which are not addressed to the facts of the case contained in the stipulation of facts and exhibits are of little value to the Court. Under most circumstances the cost of traveling between a taxpayer's residence and his place of employment is a nondeductible personal expense. Sec. 262.The Supreme Court has held, however, that if the taxpayer incurs additional expense by reason of the necessity of carrying his tools to work, that he may deduct such additional expense. . If the taxpayer would have driven his car to work had he not been required to transport his tools, he has incurred no such additional expense and nothing is deductible. . Respondent concedes in his "form brief" that if petitioner would have used transportation other than his automobile except for the *144 fact that he was required to transport his tools that he is entitled to the deduction. We doubt if petitioner would have taken the bus had he not been required to transport his tools. The bus would take him only to Salem which was 4 or 5 miles from the job site where he worked. Petitioner knew nothing about the bus schedules or busfare. He offered no testimony as to how he would get from Salem to the job site. He offered no testimony as to the possibility of participating in a carpool. His automobile had adequate space for another electrician and another set of tools but petitioner offered no testimony as to the possibility of sharing a ride with a fellow worker. Based on the record before us, we conclude that petitioner would have driven his automobile to work even if he had not carried his tools and, therefore, he cannot deduct his automobile expenses. Petitioners offered no evidence to support the deduction for sales tax paid on building materials in excess of that allowed by the Commissioner in his statutory notice of deficiency. The Commissioner is, therefore, sustained in disallowing the deduction to the extent of $225.07. Decision will be entered for the respondent *145 . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩